## HAWRALTY vs. WARREN.†

1. A one sided or unilateral contract, by which one party binds himself to convey lands, and the other party is not bound to purchase, is not favored in equity, and will not be enforced, if without consideration. But if it is part of a lease, or made at the same time with it, and in consideration of the lease, it will be enforced.

2. A mistake as to the legal effect of an agreement, will not avail the defendant, unless led into it by fraud, or the representations of the complainant.

3. A stipulation that the complainant shall have the privilege of purchasing at a certain price is, in equity, tantamount to an agreement to convey at that price.

4. When the wife of the defendant refuses to join in the conveyance, and such refusal does not appear to be by collusion between her and the defendant, if the complainant is not willing to accept the title without her joining, the court will not compel the defendant to indemnify the complainant, and specific performance will not be decreed.

This cause was argued on final hearing, upon the pleadings and proofs.

*Mr. S. Tuttle*, for complainant, cited 1 *Story's Eq. Jur.*, §

* Decree affirmed, 4 *C. E. Gr.* 439.
† CITED *in Pinner* v. *Sharp*, 8 *C. E. Gr.* 282; *Reilly* v. *Smith*, 10 *C. E. Gr.* 159; *Lounsbery* v. *Locander, Id.* 557; *Peeler* v. *Levy*, 11 *C. E. Gr.* 335; *Scott* v. *Shiner*, 12 *C. E. Gr.* 187.

715, 716, 746, 757, 779 ; *Young* v. *Paul,* 2 *Stockt.* 401 ; *Smith* v. *Mc Veigh,* 3 *Stockt.* 239.

*Mr. H. A. Williams,* for defendant, cited *Smith* v. *Mc Veigh,* 3 *Stockt.* 239 ; *Stoutenburgh* v. *Tompkins,* 1 *Stockt.* 332 ; 1 *Story's Eq. Jur.,* §§ 750, 732, 733, 735.

THE CHANCELLOR.

This suit is to compel the specific performance of a contract to convey a house and lot in Paterson.

The defendant, on the first of August, 1856, leased the premises to the complainant for seven years and six months, at the yearly rent of three hundred dollars; this lease was under seal. By a written agreement, not sealed, but endorsed on the lease, and signed by both parties at the time of executing the lease, it was agreed, " that at the expiration of the said term, Hawralty shall have the privilege of purchasing the whole of said premises, paying therefor, as purchase money, the sum of four thousand dollars." The complainant, on January 19th, 1864, offered the defendant to pay him the consideration money, without tendering it to him, and requested him to have the deed ready for him on the first of February. The premises, at the date of the lease and contract, were subject to three mortgages, previously given by the defendant and his wife, amounting to the sum of fifteen hundred and twenty dollars, or thereabouts, and in the year 1861, another mortgage was given by them on the same to the complainant; all of which mortgages are unpaid.

The complainant alleges that he has been always ready, upon receiving a good title, free from encumbrances, to pay the purchase money, or to receive it subject to the encumbrances, paying the excess of the purchase money above the encumbrances ; and prays that the defendant may be compelled to perform his contract, offering, on his part, to perform the same, by paying four thousand dollars for a good marketable title, free from encumbrances, or by paying the

excess of said four thousand dollars above the encumbrances, if the defendant shall be unable to remove them.

The defendant, in his answer, sets up that the contract is not under seal, and is without consideration, and without mutual obligation, on part of the complainant; that it contains no legal covenant or agreement on his part to convey; that it was made by him under a misapprehension of its nature, and that he is unable to make a good marketable title, because his wife is unwilling to join in the conveyance.

The contract is not under seal, and is not mutual. The complainant is not under any obligation to purchase, either at law or in equity, and the defendant can have no remedy on it. These unilateral or optional contracts are not favored in equity, and it has been held, both in Great Britain and this country, that want of mutuality of obligation and remedy, is a bar to specific performance. *Lawrenson* v. *Butler*, 1 *Sch. & Lef.* 13; *Parkhurst* v. *Van Cortlandt*, 1 *Johns. C. R.* 282; *Benedict* v. *Lynch, Ibid.* 370; *Smith* v. *McVeigh*, 3 *Stockt.* 239.

But modern authorities have narrowed this doctrine down to cases in which there is no other consideration. And it is now well settled that an optional agreement to convey, or renew a lease, without any covenant or obligation to purchase or accept, and without any mutuality of remedy, will be enforced in equity, if it is made upon proper consideration, or forms part of a lease or other contract between the parties that may be the true consideration for it. *Hatton* v. *Gray*, 2 *Chan. Cases* 164; *Backhouse* v. *Crosby*, 2 *Eq. Cas. Abr.* 32, *par.* 44; *Backhouse* v. *Mohun and Crosby*, 3 *Johns. R.* 434, &c.; *Seton* v. *Slade*, 7 *Ves.* 265; *Fowle* v. *Freeman*, 9 *Ves.* 351; *Western* v. *Russell*, 3 *Ves. & B.* 192; *Ormond* v. *Anderson*, 2 *Ball & B.* 370; *Clason* v. *Bailey*, 14 *Johns. R.* 484; *In re Hunter*, 1 *Edw. C. R.* 1; *Woodward* v. *Aspinwall*, 4 *Sandf. S. C. R.* 272.

In this case, the agreement was executed at the same time with the lease, and was part of the same transaction, and must, for this purpose, be treated as if part of the lease.

In taking a lease, a tenant may be willing to pay a high rent for a number of years, provided the landlord will give him an optional right to purchase at a fixed price. And it is to be presumed that the landlord would not agree to such a boon, unless he had a consideration in the lease. Any sufficient consideration would make such unilateral contract binding in equity.

The answer alleges that the contract was made under a mistake, or misapprehension of its effect. A mistake on the part of the defendant as to a contract, would be a defence here in a suit for specific performance, although it would not affect it at law, or be ground for setting it aside in equity. *Fry on Spec. Perf.,* § 478. But a mistake as to the legal effect of the agreement by the defendant, will not relieve him, unless led into it by fraud, or the representations of the complainant. *Fry on Spec. Perf.,* § 508; *Beaufort* v. *Neeld,* 12 *Clark & Fin.* 248.

The whole evidence of the mistake or misapprehension, is in the testimony of the defendant himself. He understood the words of the contract, and supposed they bound him to convey. The scrivener employed by both parties, told him it would not bind him. The testimony is not supported by any of the witnesses who were present, and it is very difficult to believe that the defendant supposed that a contract to sell, which complainant had for years been endeavoring to get signed by him, was, when signed, to have no binding effect. This defence is neither sufficient in law, nor sufficiently proved, to affect the written contract.

The objection that the agreement contains no covenant or agreement on the part of defendant to convey, is literally true. The words are, the complainant "shall have the privilege of purchasing," and although not so comprehensive as a positive agreement to convey, which is settled to mean, when not qualified by words or circumstances, to convey the fee, yet are sufficient in equity, to entitle the complainant to a conveyance of all the estate of the defendant at the time of the contract. It is not necessary to settle here, whether

these words would be sufficient at law or in equity, to compel the defendant to procure a good title, or make compensation for encumbrances, as the inability of the defendant to procure the conveyance of the right of dower of his wife, must be a bar to the decree of specific performance.

The complainant, in his bill, requires a marketable title, and offers to take that only; a title subject to the dower of a wife is not marketable.

The defendant, in his answer, says that he cannot give a marketable title, that his wife will not release her dower. This is responsive to the interrogatory in the bill, whether he cannot make a marketable title, and why; and must be taken as true; it is not contradicted or shown to be by procurement of the defendant.

This court will not order a defendant to procure a conveyance or release by his wife, or require him to furnish indemnity against her right of dower, unless in cases of clear fraud. The doctrine of indemnity, in such cases, is no where caried farther than in *Young* v. *Paul*, 2 *Stockt.* 401, and the opinions of the Chancellor and Court of Appeals would exclude a case like this.

In case of a mere optional contract, it is much better to leave the party to his remedy at law.

The bill must be dismissed with costs.