# Davis *v.* Robert.

### *Bill in Equity by Purchaser, for Specific Performance.*

1. *Construction of contract, as to intention of parties.*—The intention of the parties to a written contract must be ascertained from the terms employed, the subject-matter, the attendant circumstances, and the object to be accomplished; and the parties themselves can not be allowed to testify as to their understanding and intention.

2. *Specific performance of stipulation for conveyance in contract of lease; consideration; mutuality.*—A writing signed by the defendant, which states that he has rented a tract of land to the complainant for a term of ten years, at a stated annual rent, and agrees, if the rent is paid at the times stated, to execute to him "a good and sufficient deed to said land, as a free gift, without any charge or compensation from him," is supported by a sufficient consideration as an agreement to convey, and will be specifically enforced at the instance of the purchaser, after the expiration of the term, on proof of payment of the rent as stipulated; and the want of mutuality in the contract is no defense against its specific performance.

3. *Same; waiver of prompt payments.*—Prompt payment of the rent on the days specified, even if it be of the essence of the contract, may

[Davis v. Robert.]

be waived, and is waived by the acceptance of the money on other days, some before and some after the days of maturity.

4. *Same; tender of deed by purchaser.*—The tender of a deed by the purchaser asking a specific performance, to be executed by the vendor, is unnecessary, being a useless ceremony, when the vendor denies his right to a conveyance.

APPEAL from the Chancery Court of Wilcox.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 12th November, 1888, by Sylvester Robert against L. M. Davis, and was in the nature of a bill for specific performance; seeking to obtain a conveyance of the legal title to a tract of land, of which the complainant was in possession under a written instrument signed by the defendant. This instrument is copied in the opinion of the court, where the facts of the case are also stated. The chancellor overruled the several defenses set up, both by demurrer and answer, and rendered a decree for the complainant; and his decree is here assigned as error.

J. N. MILLER, and CUMMING & HIBBARD, for appellant, cited Bishop on Contracts, §§ 48, 77, 81; 3 Amer. & Eng. Encyc. Law, 834; *Comer v. Bankhead,* 70 Ala. 493; *Thompson v. Gordon,* 72 Ala. 455; Pomeroy on Specific Performance, 79–81; *Moon v. Crowder,* 72 Ala. 79; *Irwin v. Bailey,* 72 Ala. 467; *Vasser v. Vasser,* 23 Miss. 398; Waterman on Specific Performance, §§ 456–9; *Bullock v. Adams,* 20 N. J. Eq. 367; *Hurst v. Thompson,* 73 Ala. 158; *Bogan v. Daughdrill,* 51 Ala. 312.

JNO. Y. KILPATRICK, *contra,* cited *Lowery v. Peterson,* 75 Ala. 109; *Comer v. Bankhead,* 70 Ala. 136; *Stewart v. Cross,* 66 Ala. 22; 37 Ala. 619.

CLOPTON, J.—By the bill, appellee seeks the specific performance of a contract, of which the following is a copy: "I, L. M. Davis, have this day rented to Sylvester Robert the south-west fourth of the south-west fourth of section sixteen, township twelve, range five, east, lying in Wilcox county, Alabama, for the term of ten years, from and after the first day of January, 1879, for which he agrees to pay me an annual rent of fifty dollars, to be paid on the first day of October of each year; and if he pays me the above named rent at the times agreed on, then I hereby agreee to make the said Sylvester Robert a good and sufficient deed to said

land, as a free gift, without any charge or compensation from him.    February 4th, 1879."    Signed, "*L. M. Davis.*"

The contract was written by defendant, and is admitted. The parties vary as to their understanding and intention, but the testimony as to this was properly disregarded by the chancellor.    The intention must be ascertained from the terms employed, the subject-matter, the attendant circumstances, and the object to be accomplished.

The first defense urged to the relief sought by complainant is, that the contract is not a contract of sale, but a lease, and the agreement to make a deed shows by its own terms—"as a free gift, without any charge or compensation"—that it is a voluntary proposition, not founded upon an adequate consideration, and hence its specific execution will not be decreed.    This brings for consideration the construction of the contract; what was the real intention of the parties?    If the clause under consideration was disconnected from the other parts of the contract, it would clearly appear to be voluntary in its character; but, in determining its meaning, the contract should be considered as an entirety, and the meaning of any part ascertained from its connection with, relation to, and dependency upon the other parts.    The contract purports in terms to be a lease.    Is it a logical sequence, that the promise to make a deed, on the annual rent being paid as agreed on, is voluntary, because included in a contract of lease?    A covenant in an agreement of lease, by which the lessor agrees that the lessee shall have the option to purchase at a fixed price, on or before the expiration of the term, is supported by a valuable consideration. *Linn v. McLean*, 85 Ala. 250;  *Hawralty v. Warren*, 18 N. J. Eq. 124.    And it is well settled, that parties may contract in reference to land with the option of treating it as a sale or lease.— *Wilkinson v. Roper*, 74 Ala. 140.    There is no legal difficulty in the lessor's stipulating, that if a fixed annual rent is paid for a term of years, it shall constitute full payment of the purchase-money, and entitle the lessee to a conveyance.    Defendant entered into a contract, by which he leased the land for the term of ten years to complainant, on his agreement to pay fifty dollars *per annum*; and inserted therein, and made a part thereof, a stipulation, that he would make complainant a good and sufficient deed, if the annual payments were made as contracted.    This term of the contract is as binding on the defendant as any other term. If not intended to be binding, why was it inserted?    The

legal effect and operation of the contract are, that it should be considered. and treated as a lease, and the annual payments as rent, so long as it continued executory, and on the completion of the payments it should become a perfected sale; in other words, a sale though in form a lease, conditioned on the prompt payment of the purchase-money in ten annual installments. The words, "as a free gift, without any charge or compensation," were inserted to exclude any inference or implication that further or additional purchase-money was to be paid. The agreement to make a good and sufficient deed is founded on a sufficient consideration.

The next defense is want of mutuality. The general rule, that to entitle a party to a specific performance of a contract there must be mutuality of obligation and remedy, has many exceptions; among which are unilateral contracts, or undertakings signed by a single party. *Iron Age Pub. Co. v. Wes. Un. Tel. Co.*, 83 Ala. 498. Says Mr. Pomeroy: "Another most important and comprehensive species of these contracts, unilateral in form, and which can be specifically enforced by the one for whose benefit they are made, although there is no mutuality in the remedy, embraces those in which the consideration is not passed and executed, but future, consisting in acts to be done by the promisee, although the agreements themselves contain no express promise on his part that he will do the acts." Pom. on Con., § 169. It is insisted, that the contract is signed only by the defendant, and there is no obligation on the part of the complainant. There is undoubtedly mutuality of obligation, although verbal on the part of complainant. There may be mutuality of contract, although the promise on the part of one is in writing signed by him, and verbal on the part of the other, so that the former may be bound to perform, and the latter may avoid the contract.—*Oliver v. Ala. Gold Life Ins. Co.*, 82 Ala. 417. When an agreement to renew a lease, or to convey, at the option of the lessee, forms part of a lease, specific performance will be decreed, though there may be no obligation on the part of the lessee to accept of purchase, and no mutuality of remedy.—*Hall v. Centor*, 40 Cal. 63. It is not essential, in all cases, that the contract shall be capable of being enforced against both parties, when entered into; if not so capable as to one, yet if the obligation to perform be mutual, and he has performed his part of the agreement, its specific execution will be decreed.

It is also contended, that time is of the essence of the

[Thrower v. Brandon.]

contract, made so by its terms, and that complainant did not make the annual payments at the times agreed on. Ordinarily, the time of performance is not regarded in equity as of the essence of a contract for the sale of lands, but it may be made so by contract. But, whether time is of the essence of the contract in this case, it is immaterial to determine; performance at any time may be waived. The receipts of defendant, introduced in evidence, show that complainant made the annual payments, some before the first day of October, some on that day, and others during that or the succeeding month, except the last which was tendered. Defendant accepted two payments made after the first day of October, and the payments for the succeeding year, which were made before that day, recognizing the contract as subsisting, and thereby waived his right to claim a forfeiture for the failure to make the payments during some of the intervening years on the day named. It would be inequitable to visit upon complainant, under such circumstances, a forfeiture of his rights under the contract.—*Hunt v. Thompson*, 73 Ala. 158; *Stewart v. Cross*, 66 Ala. 22.

The evidence satisfactorily shows, that the contract is fair, just and reasonable, defendant receiving compensation in the amount agreed to be paid as rent, and that complainant has substantially performed his part of the contract, so that as to him it has become executed. The tender of a deed was unnecessary, for it manifestly appears defendant would not have executed it; in fact, he refused to do so, denying complainant's right to a deed.

Affirmed.