# Alabama Central Railroad Company v. Long.

## Bill to Enjoin Ejectment Suit.

(Decided Jan. 14, 1909. Rehearing denied Feb. 5, 1909. 48 South. 363.)

1. *Eminent Domain; Remedies; Ejectment; Injunction.*—Where the owner of land contracted with a railroad Company in writing to convey land for a right of way, and the railroad constructs its road over the land at great expense with the knowledge and consent of the owner, it may restrain the owner from suing in ejectment, on offering to do equity and make compensation.

2. *Specific Performance; Remedy; Discretion.*—Regulated by defined rules, the remedy of specific performance rests largely in judicial discretion.

3. *Same; Contracts Enforcible.*—To be specifically enforced the contract must be just, fair and reasonably certain in respect to the subject matter and stipulation, and founded on a valuable consideration.

4. *Same; Contracts; Consideration.*—In the absence of a showing of fraud or fiduciary relations, a consideration of $1 is sufficient to authorize the specific performance of a contract for the conveyance of land to a railroad for a right of way.

5. *Frauds; Statute of; Contract for Sale of Land; Requisites.*—To be in compliance with the statute of frauds a contract for the sale of lands must express a valuable consideration, describe the subject matter directly, or make reference to something outside the writing by a resort to which certainty may be established, and must be signed by the parties to be charged.

6. *Same.*—A contract is not within the statute of frauds where it is in writing and by which the owner of the land agrees to convey to a railroad such lands as may be actually used or occupied by the railroad on completion of its roadbed over named quarter sections;

and when the roadbed is completed such contract becomes absolute and fixes on the owner the duty to make deeds to such land in such quarter section as is in the actual use and occupancy of the railroad.

APPEAL from Walker Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Alabama Central Railroad Company against Z. M. Long, as administrtrix of John B. Long, deceased. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and rendered.

W. C. DAVIS, and A. F. FITE, for appellant. The allegation that appellant's railroad was built and constructed over the lands described in the ejectment suit with the knowledge and consent of the appellee's intestate gives equity to the bill.—*Southern Ry. Co. v. Hood,* 126 Ala. 312. The agreement is enforcible notwithstanding its want of particularity in the description of the land. —*Coyne v. Warrior Southern R. R. Co.,* 137 Ala. 554.

LACY & LACY, for appellee. No brief came to the Reporter.

DENSON, J.—This bill is filed by the Albama Central Railroad Company, a corporation, to enjoin an ejectment suit commenced against it in the circuit court of Walker county by Z. M. Long, as the administratrix of the estate of John B. Long, deceased, to recover a strip of land 20 feet wide through the N. W. ¼ of the N. W. ¼ of section 34, township 13, range 7 W., in said county, over or upon which complainant's road is constructed. The bill shows that the road was constructed over said land under a contract in writing made by John B. Long during his lifetime with the complainant in the words and figures following:

"Know all men by these presents, that I, John B. Long, for and in consideration of the sum of one dollar

to me in hand paid by the Alabama Central Railroad, a corporation, do hereby agree and covenant to execute to said corporation a quitclaim deed, in proper form, conveying to said corporation such lands as may be in actual use or occupancy by it on the completion of its roadbed over the following described land, together with the usual right of way privileges, said roadbed to be constructed west of the South Lowell public road and over the S. W. ¼ of the S. W. ¼ of section 27, and the N. W. ¼ of the N. W. ¼ of section 34, township 13, range 7 West, in Walker county, Alabama, center of track to be seventy feet or more west of the present log barn.

"Given under my hand and seal this __ day of October, 1906.

"[Signed] John B. Long.

"Attest: N. M. Appling."

The equity of the bill is rested upon two theories: First, that the road was constructed over the land under said contract, with the knowledge and consent of the said John B. Long, and at great expense to the complainant. In this respect the complainant offers to do equity, and to pay to the estate of John B. Long, deceased, as compensation for the land or right of way, whatever sum the court might ascertain and decree the complainant to be liable for. So far as this theory is concerned, we are of the opinion that under the averments of the bill it is unassailable.—*Southern Railway Co. v. Hood*, 126 Ala. 312, 28 South. 662, 85 Am. St. Rep. 32. So, indeed, the chancellor seems to have treated it, for in his opinion, as here certified in the record, he bases his decree sustaining the demurrer solely upon the grounds that were directed against the second theory or phase of the bill. This second theory or phase of the bill is an attempt to have the contract above set out

specifically performed, by requiring the respondent, as administrtrix, to execute the deed stipulated for. Against that part of the bill which seeks to have the written contract specifically performed, the point was made, by demurrer, that the bill "shows that the agreement made by said Long is void for want of sufficient description of the land agreed to be conveyed by him to the complainant." In other words, the respondent contends that the agreement is obnoxious to the statute of frauds.

The general principle of law in respect to the remedy by specific performance of agreements for the sale of lands is "that the equitable remedy rests largely in the judicial discretion, directed and regulated by defined rules. The contract must be just, fair, and reasonable, must be reasonably certain in respect to the subject-matter, the terms, and stipulations, and must be founded upon a valuable consideration."—(*Carlisle v. Carlisle,* 77 Ala. 339, 341; *Moon v. Crowder,* 72 Ala. 79; 4 Pom. Eq. § 1404); and the statute of frauds is offended unless the contract for the sale of lands expresses a valuable consideration and describes the subject-matter directly, or makes reference to something outside of the writing, by a resort to which certainty may be established.—*Alabama, etc., Co. v. Jackson,* 121 Ala. 172, 175, 25 South. 709, 77 Am. St. Rep. 46 The case of *Coyne v. Warrior Southern Railway,* 137 Ala. 553, 34 South. 1004, is relied upon by the complainant to support its contention that the subject-matter is sufficiently described in the contract sought to be enforced to meet the requirements of the statute, and render the contract susceptible of specific performance. On the other hand, the chancellor, in his opinion supporting the decree, differentiates that case, on the facts, from the one in judgment. In the opinion he says· "In *Coyne v. Warrior*

*Southern Railway,* the description held to be good in a deed was: "The roadbed as at present located and the extension thereof in the future,' Here it is: 'Such land as may be in actual use or occupancy,'" etc.

It will be borne in mind that the terms of the agreement involved do not require that the deed shall be made until a day in the future, when and at which time the lands to be conveyed will be definitely located and ascertained with certainty. In other words, the performance of the contract by Long is postponed until the happening of a future event, towit, the completion by the complainant of its roadbed over certain described lands and its actual use or occupancy of such lands. The bill avers the happening of this event in specific terms. Therefore, according to the terms of the contract, by resort to these facts, extrinsic of the writing, but referred to therein, those lands to which the deed is agreed to be made are rendered certain; and at the time the action of ejectment was commenced, and when the bill here was filed, they were susceptible of being accurately described. The contract was conditional until the complainant completed its roadbed over the quarter sections described therein and was in the actual use and occupancy thereof. Then it became absolute, and fixed upon the contractor, Long, the duty to make to the complainant a deed to "such land as was in the actual use and occupancy of the complainant" in the quarter sections described in the contract. These lands having been made certain, and that, too, by resort to matters referred to in the contract, the statute of frauds presents no obstacle to a specific performance of the contract.—*Howison v. Bartlett,* 147 Ala. 408, 40 South. 757; *Long v. Gill,* 80 Ala. 408; *Cottingham v. Hill,* 119 Ala. 353, 24 South. 552, 72 Am. St. Rep. 923.

20—8

The demurrer based upon the ground that the contract does not appear to be founded upon a valuable consideration is untenable. No question of fraud, or of fiduciary relation, is involved in this case; and the recital, "one dollar   *   *   *   in hand paid," is sufficient in respect to the consideration.—*Bolling v. Munchus,* 65 Ala. 558, and authorities there cited.

The decree of the chancellor, sustaining the demurrer to the bill, is reversed, and a decree will be here rendered overruling the demurrer. The respondent will be allowed 30 days from the certification of this decree to the chancery court in which to answer the bill.

Reversed and rendered.

HARALSON, SIMPSON, and ANDERSON, JJ., concur.