# Wilkins *v.* Hardaway.

*Bill for Specific Performance.*

(Decided Feb. 18, 1909. 48 South. 678.)

1. *Specific Performance; Demurrer; Grounds.*—Where the bill does not show that the land for which a conveyance is sought is a part of a larger tract owned by defendant, it is not demurrable on the ground that specific performance would infringe defendant's homestead right, either in the particular tract or in the right of selection from a larger tract, since it will not be assumed from such facts alone that it was a part of defendant's homestead.

2. *Vendor and Purchaser; Options; Certainty; Assignability.*—The option provided for the conveyance of land on the west bank of the river between normal low water line and the crest of a dam or dams of such height and at such locations on the river as the purchaser might desire to erect, as such line would meander along the west bank of the river and the north and south lines of such place; it provided further that the area of the tract referred to should be ascertained before the erection of a dam or dams was begun. The purchaser designated the height of his dam. and pursuant to the provisions of the option, a survey was made and the exact description and area of the tract agreed to be conveyed was ascertained. Held, that the subject matter of the contract was rendered certain to every intent so as to make it assignable.

3. *Specific Performance; Contracts Enforcible; Certainty.*—A contract is not rendered too uncertain to warrant its specific performance by the mere fact that the contract reposed in the purchaser the right to determine the line of the tract by determining the height of the dam to be erected.

4. *Same; Pleading; Demurrer.*—Where the bill averred that pursuant to the contract surveys were made and the exact description and area of the tract agreed to be sold ascertained, the bill was sufficient

against demurrer, and contains sufficient averment to show that all uncertainty was removed.

(Denson and Sayre, JJ., dissent.)

APPEAL from Chambers Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by B. H. Hardaway against J. C. Wilkins for specific performance of a contract to convey. From a judgment overruling demurrers to the bill, respondent appeals. Affirmed.

The contract referred to is as follows: "This memorandum of agreement, made and entered into this the 1st day of March, 1905, between J. C. Wilkins, of the county of Chambers, and state of Alabama, party of the first part, and S. S. Scott, Jr., in the county of Lee, and state of Alabama, party of the second part, witnesseth: That the party of the first part, for and in consideration of $1 in hand paid, hereby agrees that at any time within six months of this date, at the option of the said party of the second part, and upon further payment by the said party of the second part to the party of the first of the sum of $25 per acre, then the party of the first part will execute and deliver to the party of the second part good and sufficient title in fee simple to so much of the land of the said party of the first part as will lie and be between a line at normal low-water line on the west bank of the Tallapoosa river and a line level with the crest of a dam or dams of such height and at such location on said river as the said party of the second party may desire to erect, as the said line would meander along the west bank of said river and the north and south lines of said place; it being understood that the area of the tract referred to will be ascertained before the erection of the dam or dams is begun, and it is further understood that the compensation paid as above shall be full and entire compensation for all right, title, and interest the

said party of the first part shall have in or to the bed of the river or creek opposite to said land. The land referred to and in contemplation in this option is bounded as follows: North, James Hamm; east, Tallapoosa river; south, by self, and extending down to lower point of shoals above ferry; west, by self—in Chambers county, Ala." This option was transferred from Scott to Hardaway for a recited consideration, and on September 1, 1905, after the execution of the option, it was extended for six months.

STROTHER, HINES & FULLER, for appellant. Specific performance will not be decreed of an agreement for sale unless the property to be conveyed is fixed with certainty as to locality and description, or in such way that it can be ascertained with certainty.—Waterman's Specific Perf. sec. 154, and authorities there cited. Lands must be so described as to be susceptible of identification.— *Alba v. Strong,* 94 Ala. 163; *Phillips v. Adams,* 70 Ala. 373; *Jenkins v. Harris,* 66 Ala. 345; *Carter v. Shorter,* 57 Ala. 253. Where an action at law will not lie to recover damages for a breach of a contract, equity will not enforce it.—*Comer v. Bankhead,* 70 Ala. 494; *Kent, et al. v. Green,* 128 Ala. 600. There can be no specific performance of a contract to convey the homestead.—*Lyon v. Harden,* 129 Ala. 643; *Moses v. McClain,* 82 Ala. 370. An option to buy land is not assignable.—*Taylor v. Newton,* 44 South. 583; *Perkins v. Hansel,* 50 Ill. 216; 4 Cyc. 22.

E. M. OLIVER, for appellee. No brief came to the Reporter.

McCLELLAN, J.—Bill for specific performance of contract to convey real estate. The report of the case

will contain the instrument exhibited with the bill. Paragraph 4 of the bill, as at present important, is as follows: "Orator further avers that in accordance with the provisions of said contract a survey was made, and the area of the tract agreed to be sold was ascertained to be 11.8 acres. * * *" From paragraph 5 of the bill it appears that "the exact description of the lands agreed in said contract to be conveyed, as shown by the survey thereof, is as follows:" And it then proceeds with a minute description of the land, and latterly in the paragraph it is stated "that the lands described in this paragraph are the same lands agreed in said contract * * * to be sold, as ascertained by the survey thereof according to the terms of said contract."

It is necessary to note that the appeal is from a decree overruling a demurrer to the bill, the grounds of which will be stated hereafter; the sufficiency of the agreement under the statute of frauds not being among them. These grounds of the demurrer taking the objection that the specific performance sought would impinge the homestead right, either in the particular tract or in the right of selection thereof from a larger tract, cannot be approved upon the averments of the bill, for the reason that it does not appear therefrom that the 11.8 acres are a part of the homestead of the respondent. It does appear that it is a part of a larger tract owned by respondent; but that may, of course, well be, and yet the 11.8 acreage may not now be, nor ever be selected as a part of the home-stead of respondent. Indeed, he may in fact own, and reside upon, as his homestead, other lands in Chambers county. On this bill we cannot assume the fact necessary to give point to the stated ground of demurrer.—*Moses v. McClain*, 82 Ala. 370, 2 South. 741, and *Lyon v. Hardin*, 129 Ala. 643, 29 South. 777, are not authority here, since in those cases it appeared that homestead rights were, in fact, involved.

[Wilkins v. Hardaway.]

It appears from the contract that the actual erection of the dam was not necessary to the establishment of the crest thereof as a basis for the west line of the tract to be conveyed. That point of government of the west line was, then, to be ascertained merely by the decision as to the height of the dam. The bill, in paragraph 4, alleges the ascertainment of the area according to the provisions of the contract, and warrants the conclusion that the essential condition—the crest of the dam —to the location of the west line was met by the selection of its location and the determination of its height. Indeed, from the averments of the bill, viz., "that in accordance with the provisions of said contract a survey of said lands was made and the area of the tract agreed to be sold was ascertained to be 11.8 acres," we cannot avoid the conclusion that Scott himself, if his action was essential under the contract, fixed the height of the dam from the crest of which the west line of the tract was to find its basis. If so, the subject-matter of the contract was rendered certain to every intent; and that such a contract is assignable is not to be controverted.—*Kett v. Day,* 14 Pa. 112, 53 Am. Dec. 526; 4 Cyc. p. 20 et seq., and notes; 2 Am. & Eng. Ency. Law (2d Ed.) p. 1044 et seq.

The remaining ground of demurrer is that the contract is too uncertain to be specifically enforced. The argument in support of this ground is predicated upon the fact that the contract reposed in Scott the right to determine the location of the west line of the tract by a determination of the height of the dam, thus, in effect, creating a right of choice or selection in Scott, and not defining such west line in the instrument itself. We are of the opinion that the stated ground of demurrer was properly overruled.

The bill, for the purposes of the demurrer, as we have indicated before, contains sufficient averments to show that the uncertainty of the west line was rendered certain by the ascertainment of the area agreed to be sold, thus, and necessarily, fixing the basis of such line by a determination of the height to which the dam was desired to be erected.—Fry's Sp. Perf. §329; *Jenkins v. Green*, 27 Beavan, 437.

The demurrer was not well taken in any respect, and the decree overruling it must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, and MAYFIELD, JJ., concur. DENSON and SAYRE, JJ., dissent, and are of the opinion that the objections interposed to the bill raised the question of the statute of frauds.