# Wilkins *v.* Hardaway.

## *Specific Performance.*

(Decided May 11, 1911, Re-hearing Denied June 27, 1911. 55 South. 817).

1. *Vendor and Purchaser; Contract; Option; Effect.*—An option to purchase land is unilateral and only becomes effective and binding upon the purchaser exercising the right of option.

2. *Frauds, Statute of; Contracts for Sale of Land; Description.*— Where the option to purchase definitely described the lands, except as to its western boundary, and that was to be determined by a line run on a level with the crest of the contemplated dam across a river, which dam was to be erected by the purchaser who could fix the crest of the dam in advance of its actual construction, and the purchaser within the period of the option, fixed the crest of the proposed dam, and located the western boundary line by survey, and ascertained the number of acres included within the boundary so fixed, the exercise of the option and a designation of the land rendered the contract valid under the statute of frauds.

APPEAL from Chambers Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by B. H. Hardaway against J. C. Wilkins to enforce the specific performance of a contract. Decree for complainant and respondent appeals. Affirmed.

STROTHER, HINDS AND FULLER, for appellant. The terms of the contract are not sufficient to meet the requirements of the statute of fraud, and the demurrers

to the bill should have been sustained.—*Ala. Min. Land Co. v. Jackson,* 121 Ala. 172; *Alba v. Strong,* 94 Ala. 163; *Kopp v. Reiter,* 37 A. St. Rep. 156; *Raub v. Smith,* 1 Am. St. Rep. 619; *Wardell v. Williams,* 4 Am. St. Rep. 814. Under these conditions the contract cannot be enforced.—*Westbrook v. Hayes,* 137 Ala. 572; *Farmer v. Sellers,* 137 Ala. 112; 4 Pom. Eq. sec. 1405. The alagata and probata must correspond.—*Alston v. Marshall,* 112 Ala. 641; *Carter v. Thompson,* 41 Ala. 375. The contract was not sufficiently definite in description. —*Pait v. Gerst,* 149 Ala. 287, and authorities there cited.

E. M. OLIVER, for appellee. The description was sufficiently definite, and the option was properly exercised to render the agreement valid.—20 Cyc. 271; 26 A. & E. Enc. of Law, 36; *Fleishman v. Wood,* 135 Cal. 256. The cases cited by appellant state correct principles of law but are without application to the case at bar.

DOWDELL, C. J.—The contract, a specific performance of which is sought by the bill, in its inception was what is known as an "option contract," and hence unilateral, and only became an agreement of contract and sale, binding on the parties as such, upon the exercise of the right of option.

In the option contract the land in question was definitely described, except as to its western boundary, and this boundary was to be determined by a line run on a level with the crest of a contemplated dam across the Tallapoosa river, to be erected by the owner of the right of the option, who, by the terms of the contract, had the right to fix and determine the height and crest of the dam in advance of its actual construction.

Within the period of the option the crest of the proposed dam was fixed and determined, which furnished

the data for a determinate survey and location of the western boundary line according to the contract. A survey was then made, locating and defining the said western boundary line of said land, and ascertaining the number of acres included within the boundaries so fixed and described. All of which having been done, the complainant, appellee here, within the time, claimed and exercised his right of option. Then the option contract became an agreement and contract of sale of the land between the parties. There was no indefiniteness and uncertainty in description at this time. That which was uncertain had been rendered certain, pursuant to the terms of the option agreement, before the same ripened into a contract of sale.

The case of *Alabama Mineral Land Co. v. Jackson,* 121 Ala. 172, 25 South. 709, 77 Am. St. Rep. 46, relied on by appellant, is without application to the case at bar. The facts in the two cases are different. In that case there was no exercise of right of option, and therefore no designation of the lands. The cases of *Howison v. Bartlett,* 141 Ala. 593, 37 South. 590, and *Alabama Mineral Land Co. v. Long,* 158 Ala. 301, 48 South. 363, are more in point, and we think in principle support our view that the statute of frauds is no defense against the present bill. In those cases, as here, there was an exercise of the option and a designation of the lands.

As to the certainty and definiteness in description of the land, we refer to what was said on a former appeal in this case.—159 Ala. 565, 48 South. 678.

The record fully sustains the chancellor in his conclusion on the facts. No error appearing, the decree of the chancellor is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.