(131 So. 435)
## FULLER et al. v. TOTTEN.
### 1 Div. 617.

Supreme Court of Alabama.
Dec. 18, 1930.

Webb & Shepard, of Mobile, for appellants.

Edw. P. Totten, of Fairhope, and E. G. Rickarby, Jr., of Mobile, for appellee.

**FOSTER, J.**

The appeal in this case is by the respondents to a bill in equity seeking the specific performance of a contract, and the court overruled demurrer to the bill. It was filed by the owner of real estate, and the contract was an option in his favor. The real estate was the homestead of the complainant, and the consideration far exceeded $2,000. There is shown in the bill a valuable consideration for the option contract.

In other words, the agreement, in short, was that complainant, as owner, should have the option to sell to respondents the property, and thereupon the respondents would purchase it. The bill alleged that within due time complainant notified respondents that he would sell pursuant to the option, and tendered them "all proper and usual papers of transfer of title to said residence property and demanded of defendants" payment of

the purchase price, and alleged that "complainant was then and there ready, able and willing to give and deliver to the defendants the full, complete and immediate possession of the described residence property upon the acceptance of such papers of transfer."

The grounds of demurrer on which appellants rely are a want of mutuality of the contract, and that, being the homestead and not being bound himself, appellee could not specifically enforce the contract against appellants.

In our judgment, the grounds of demurrer referred to do not point out a sufficient reason to defeat the right of appellee to the relief sought on account of well-settled principles to which we will refer, and therefore we agree with the circuit court that the demurrer was not well taken.

An option contract is in its nature unilateral in its binding effect, and there is no mutual obligation thereby intended to be imposed. The option holder by its very terms is not bound, but its effect is to bind him who has granted the option. But the option holder cannot enforce it until he elects to and does bind himself. Usually his notice of an election to exercise the option is sufficient. In this instance, such notice was accompanied with a tender of deed alleged to be sufficient to pass the title, and an allegation that he was ready, able, and willing to do so. An option agreement may ordinarily be specifically performed in equity, though not imposing upon complainant any obligation until he elects to require the other party to perform. Blackburn v. McLaughlin, 202 Ala. 434, 80 So. 818; Wilkins v. Hardaway, 173 Ala. 57, 55 So. 817; Ross v. Parks, 93 Ala. 153, 8 So. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47; Davis v. Robert, 89 Ala. 402, 8 So. 114, 18 Am. St. Rep. 126; 36 Cyc. 625; 25 R. C. L. 237.

This is sometimes referred to in connection with the further statement that, by virtue of the notice of acceptance given in due time, there arises an ordinary contract of sale and purchase, enforceable by either the vendor or vendee. Wilkins v. Hardaway, supra; 36 Cyc. 625. From this it may be argued that, the property being the homestead in part, even after notice of acceptance, appellant could not specifically enforce the contract, for it would then amount to no more than an executory agreement to sell the homestead, which cannot be enforced. Moses v. McClain, 82 Ala. 370, 2 So. 741.

However plausible that argument may be, we think it does not apply here, because the complainant alleges the tender to respondents of a properly executed conveyance and readiness and ability to comply fully with his proposal to sell under his option right. For, even though there be no mutuality of remedy, "this element may be supplied by voluntary performance on the part of the party seeking specific performance." Melton v. Stuart, 213 Ala. 574, 105 So. 659, 661; Blackburn v. McLaughlin, supra. And "it is not essential in all cases that the contract shall be capable of being enforced against both parties, when entered into. If not so capable as to one, yet if the obligation to perform be mutual, and he has performed his part of the agreement, its specific execution will be decreed." Davis v. Robert, supra, page 405, of 89 Ala., 8 So. 114, 115. This is said in that case to be true as to a complainant whose obligation to sell was verbal, and therefore not enforceable, when made. But his subsequent performance created a legal duty out of one which theretofore was not legal. It is pointed out in that case that the obligation, prior to such performance, need only be moral in its effect. And we have said that it is immaterial that the vendor in the contract cannot by his own conveyance transfer a good title, if he has "caused it to be executed conveying the title as per contract, and is able and willing to make delivery of such deed as decreed by the court." Chandler v. Bodeker, 219 Ala. 357, 122 So. 435, 437.

We have shown that the bill in this case substantially complies with the foregoing requirements. Although complainant is not entitled to a specific performance and also damages for a failure by the respondents to perform as claimed in the bill (Pearce v. Third Ave., etc., Co. [Ala. Sup.] 128 So. 396[1]), no demurrer is addressed to that aspect of the bill, nor is such assignment even included in the demurrer to the bill as a whole.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

[1] 221 Ala. 209.