No. 46.—JOB ROGERS plaintiff in error *vs.* ROBERT ATKINSON, Administrator, &c., *et al.* defendants.

[1.] When the pleadings in Equity are made up, and the cause set down for a hearing, amendments to the bill can only be made upon special cause shown.

[2.] When amendments make an entirely new case from that made in the original bill, they are not, on that account, admissible.

In Equity, in Floyd Superior Court. Decided by Judge JOHN H. LUMPKIN, August Term, 1853.

In 1840, Robert Atkinson, administrator of Ligon, obtained a judgment in Floyd Superior Court, against Job Rogers, and the executors of Z. B. Hargroves, from which defendants appealed; and pending the appeal, a written agreement was entered into by the attorneys on each side, to the effect that the appeal should be dismissed, and a certain credit entered on the judgment. This agreement was placed on the Minutes of the Court, and carried into effect. There was an error in entering the judgment, which was amended in 1843. In the mean time, the executors of Hargroves had sold a large amount of his land and negroes to William Solomons; and in 1844, Solomons obtained from the administrator of Ligon a transfer of the judgment and *fi. fa.* : and proceeded to levy it on the property of Job Rogers—whereupon Rogers filed his bill, setting

forth the foregoing facts, charging that the *fi. fa.* had really been paid off by Solomons, to save the property which he had purchased of Hargroves' estate, and that it ought to be returned satisfied; and charging, moreover, that a mistake existed in the written agreement above mentioned, in this : that it was a part of the agreement, that the judgment should be paid by the estate of Hargroves ; and that the plaintiff was not to proceed against Rogers, until he had levied on property of Hargroves, or which had been Hargroves', which Rogers might point out ; and a trial had, if it should be claimed.

The bill prayed that the agreement be reformed ; and that Solomons be perpetually enjoined from enforcing the *fi. fa.* against complainant.

To this bill, the administrator of Ligon and the executors of Hargroves, were made parties defendants with Solomons.

The answers of the defendants denied that the *fi. fa.* had been paid off—denied the mistake in the agreement ; and Solomons insisted that he had no knowledge, when he purchased the property of Hargroves, that any such mistake was contended for ; or that the judgment would have any lien on said property.

There was a hearing on the bill, and a decree for complainant ; an appeal to the Supreme Court ; and a judgment, reversing the judgment of the Superior Court, and ordering a new trial ; the grounds of which, will be found in the 12th vol. Ga. Rep., page 281.

The complainant then moved to amend his bill, by setting up the same matter—above stated as having been left out of the written agreement by mistake—as an independent verbal contract, by charging that Solomons purchased the property of Hargroves, with notice of the existence of this contract ; and by charging that Solomons had not paid full value for said *fi. fa.*, but only a small proportion of its value ; and that much of what he nominally paid, was in the shape of a conditional note, to be paid if the money was made from the property of complainant ; and charging that there had been property of Hargroves subject to the lien of said judgment, but now pro-

tected in the hands of purchasers by lapse of time, sufficient to have paid off said *fi. fa.*, had it not been withdrawn from the hands of the attorney, and transferred to Solomons by the administrator, for the purpose of defrauding complainant; which fraudulent intent was known to Solomons when he purchased it.

This amendment was accompanied by an affidavit of complainant, stating his belief of the truth of the facts; and giving, as a reason why he had not before made the charge of the fraud of Atkinson, and knowledge thereof in Solomons, when he purchased the property and the *fi. fa.*, that his solicitors had advised him that the doctrine of innocent purchasers, without notice, did not apply to this case.

The Court refused to allow the amendment, to which decision complainant excepted.

UNDERWOOD, for plaintiff in error.

AKIN & McDONALD, for defendant in error.

*By the Court.*—NISBET, J., delivering the opinion.

[1.] The Court below, very properly ruled out the amendments. Some of them were unnecessary, because already in the bill—no reason, as to one, is given why it was not sooner made. This is the 8th or 9th year of this litigation. It has been tried before this Court—has been tried several times below; and to permit amendments, without any cause shown *now*, would outrage all equity practice, and set aside the well settled Law of this Court, on this head. The reason given why one of them was not sooner made, is that the party had been advised by counsel, that the doctrine which it asserts, was not involved in the case. This is no reason at all. Parties must know what doctrines are involved in their causes, at their peril.

[2.] But aside from all these considerations, the amendments make a new case. The original bill went to reform a written contract. These amendments set up an independent parol

agreement, and certain equities growing out of it; which agreement not only makes a new case, but a case which is contradictory of the case first made in the bill; and that is wholly inadmissible.

Let the judgment be affirmed.