No. 56.—SARAH A. THOMPSON and others, plaintiffs in error, *vs.* JOSEPH P. McCULLOCH, defendant in error.

[1.] A bill cannot be sustained, which seeks to charge the defendant, as administrator—at the same time denying that he is such; leave will be granted to the complainants, however, to amend, by striking out that portion of the bill which controverts the validity of the trustee's appointment.

In Equity, in Walker Superior Court.    Decision by Judge JOHN H. LUMPKIN, May Term, 1854.

Sarah A. Thompson and others, the distributees and heirs at law of William Thompson, deceased, filed their bill against Joseph P. McCulloch, as administrator on the estate of William Thompson, alleging that he had, through a third person, purchased valuable real estate at his own sale, for a small price, and praying to set aside the sale, and for a general account.

After answer, complainants amended their bill, alleging that the defendant never was legally appointed administrator on said estate, and setting forth the order of his appointment, and showing that the requisites of the Statute had not been

**528**   **SUPREME COURT OF GEORGIA.**

Freeman, adm'r, *vs.* Flood.

complied with, and praying that the appointment might be declared null and void.

To the bill as amended, defendant demurred for want of Equity. The Court sustained the demurrer and dismissed the the bill, and this decision is assigned as error.

AKIN, for plaintiff in error.

TRIPPE, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The bill, as amended, cannot be sustained. As at first framed, it made a clear case for Equity. As amended, the complainants, by their own showing, have a full, complete and adequate remedy at Law. Consequently, it is not a case of election; for by electing to abide by the amendment, they elect to go out of Court.

The judgment below, then, must be affirmed, with leave to the parties to strike out the amendment and stand upon the original bill. Upon the doing of which, within a reasonable time, it is the direction of this Court that the order dismissing the bill be set aside, and the cause re-instated.