## HART *vs.* HENDERSON.

1. Where an amendment to a bill in equity was filed and service acknowledged, with the express reservation of the right to demur thereto, but no order appears allowing such amendment, it was not too late to move to dismiss it at the hearing of the case.
2. Where a bill for injunction and for other purposes was filed under oath, it could not be amended by striking out everything between the names of parties and the prayer for subpœna, and inserting entirely new matter.
(*a*). The original bill being by a wife, who alleged that she had bought property through the agency of her husband, and that he had been deceived as to its value by the vendor, that she had paid its full value, and praying that the vendor be required to make titles to

her, and be enjoined from interfering with her possession, it could not be amended by alleging that her husband bought the land for himself, but used money belonging to her with the knowledge of the vendor, and praying that she be reimbursed.   Such an amendment introduced a new cause of action.

3. While technically there is no such thing as a non-suit in an equity cause, yet as this bill would properly have been dismissed because no recovery could be had on it under the testimony, and as the result is the same under the name of a non-suit, the judgment will be sustained.

Equity.   Amendment.   Practice in the Superior Court. Non-suit.   Before E. W. BECK, Esq., Judge *pro hac vice.* Henry Superior Court.   July Adjourned Term, 1880.

This was a bill filed by Mrs. Hart against Henderson, alleging in brief as follows :

In the year 1875, her husband, Jno. R. Hart, as her agent, bought of defendant a house and lot in the town of Hampton, for $1,000.00.   There was paid on said purchase $450.00, which arose from the sale of her property in Thomaston.   Her said agent was sick when he negotiated for the house, and was unable to examine it before the purchase was concluded, having to leave Hampton on account of sickness.   He relied on the representations of defendant as to the size of the house and lot and improvements on the lot.

Defendant represented that the lot contained one-half acre, when in truth it contained less than one-fourth acre ; that the house was well finished, when in truth there were openings between the planks of the ceiling and floor and the wall ; that said house had four rooms, when it had only two, etc.   These misrepresentations were unknown to complainant or her agent at the time of the purchase, nor until after she took possession and paid a part of the purchase money.   The place was not worth more than $450.00.

Henderson has brought an action of ejectment against her husband as tenant in possession of said land, which is pending in Henry superior court.

The bill prayed that the suit might be enjoined; that if the allegations as to Henderson's misrepresentations were found to be true, and it should be found that complainant had paid the value of the house and lot, Henderson should be decreed to make her a title; but if it should be found that the house and lot were of greater value than the amount paid, then there should be a decree in favor of Henderson for the amount, and on payment of it, title should be made to complainant, or if she had paid too much, that the surplus be refunded to her.

There was a prayer for general relief.

Defendant's answer admitted the sale and receipt of the money, but denied that the purchase was made by complainant either directly or through her agent, but alleged that the purchase was made by John R. Hart for himself.

The answer set up matters of account between Jno. R. Hart and defendant, and denied that defendant made any representations that were either untrue as to quantity of land or condition of house, and denied that Jno. R. Hart bought without examining the property, but averred that he thoroughly examined it.

After said answer, complainant amended her bill as follows:

By striking every allegation from the starting point to the prayer for subpœna, and inserting allegations to the effect that her husband bought this property, but used funds belonging to her for that purpose, with full knowledge on the part of defendant. The prayer was for reimbursement for the sum so used.

This amendment was filed and service acknowledged, with reservation of right to demur. No order appears allowing such amendment.

The court on motion, at the trial, struck it, on the ground that it contained a new and distinct cause of action.

Complainant, at some time, when does not appear, with-

drew so much of the amendment as undertook to strike out any part of the original bill.   Complainant then offered the following amendment, which was rejected : If the court could not decree that title should be made to her, then that she might recover the .$450.00 of her money paid by her husband to Henderson.

The evidence introduced by complainant was to the effect that defendant had sold the place to Hart, but had knowingly received complainant's money in part payment therefor.   On motion a non-suit was awarded, and complainant excepted.

· T. W. THURMAN ; JNO. I. HALL, for plaintiff in error.

E. J. REAGAN ; J. D. STEWART, for defendant.

JACKSON, Chief Justice.

The complainant filed a bill against the defendant alleging that her husband, as her agent, had purchased a house and lot for her from him, and had been deceived iu various ways by his misrepresentations ; that she had moved or was about to move to Rome, and defendant was about to sell or otherwise interfere with her property, so as to prevent her from renting the house or using it herself ; that she had paid its full value, etc., etc., and she prayed that defendant be enjoined from interfering with the house in any way, and be decreed to make her a title to it in the event she had paid its value.   If not, on her paying the difference ; and if she had paid more than the value, then to pay her the overplus.

The bill was answered, swearing off all the allegations of any equity therein, and setting up the fact that the husband of complainant bought for himself, and not for the wife, and denying any interest of hers in the trade.

Thereupon. an amendment was offered and service acknowledged, striking out the entire charging, and stating part of the bill, including the prayer for relief, and inserting

allegations that defendant knew that her money, to the amount $450.00 had been paid by her husband for the house in part, and praying that defendant pay it back to her. On the hearing, this amendment was stricken, and complainant excepted.

It appears to have been offered and filed in the clerk's office in March, 1879, but no order of court allowing it was had, though service was acknowledged upon it, reserving the right to demur or answer at a subsequent term.

Appended to the amendment is a withdrawal of that part of it which strikes out any part of the original bill.

1. Under the facts, the motion to strike this amendment came in time. No order appears allowing it, and when service was acknowledged upon it the defendant's counsel expressly reserved the right to demur, and time to do so.

2. The amendment ought to have been stricken as first drawn. To strike out a whole bill except the names of parties and put in another, cannot be allowed. Indeed, a sworn bill cannot be amended by striking out *any allegation therein* for obvious reasons. 11 *Ga.*, 539. But at some time or other the striking out part of the amendment was withdrawn, so that when it was disallowed that may, perhaps, be considered as not in the amendment. That not being in, did it present a new course of action distinct from that set out in the original bill? The original bill was filed to obtain an injunction to prevent the defendant from interfering in any way with complainant's property purchased for her, and to have title deeds thereto made to her, she being in possession. The amendment abandons all title to the house and lot, and sets up only that defendant has received knowingly from her husband her money, and seeks its recovery back. There is no prayer for discovery. It is waived. This could as well be recovered by law. There is no equity in it. It makes not only a new, but a common law cause of action, and was properly stricken. 14 *Ga.*, 320.

It was then proposed to amend the prayer of the bill, which was also refused.    It is simply a prayer to recover the money of complainant which defendant had received, with interest thereon, if she could not have a deed de- creed to be made to her.    Substantially it is the same as the other.    The husband had a right to use her money with her consent, and there is no pretense that she did not assent to its being so used.    On the contrary, she thought the property was to be hers.    Any way it is a different cause of action, distinct from the whole sub- stance of the original bill.

3. The court then granted a non-suit.    Clearly there was no evidence on which a decree could be had for com- plainant as the pleadings then stood, and the non-suit was equivalent to a motion to dismiss, which should have been granted.    There is, strictly speaking, no such thing as a non-suit in equity causes, but as the result is the same as the dismissal of complainant's bill because no recovery could be had on it under the testimony, this court will not quibble on words but let the judgment stand.

Judgment affirmed.