## MacKenzie *vs.* Jackson.

(1) That one of the attesting witnesses to a mortgage signed as judge of a county court in the State of Arkansas (the mortgage being executed in that State), was not sufficient to admit the instrument to record in this State; the certificate of the clerk of said county court not showing that that court was a court of record.

(a) The clerk must certify positively that the signature is genuine.

(b) While it may be true that a deputy-clerk may perform any duty which the clerk is authorized to perform, it seems that, when the deputy-clerk certifies, he must certify over his own signature, and not over that of the principal clerk.

(c) The court below in this case having ruled that the recording of this mortgage was notice, the questions above decided are, therefore, plainly and distinctly made in the record, although it may be true that the attention of that court was not called to the defective probate, and that all the reasons and arguments presented here were not presented there.

2. It was not error to rule out evidence as to the custom or habit of the clerk of the superior court to indorse on papers given him for record that they were recorded on the day on which they were left at his office for record.   Nor was it error to rule out evidence as to the sayings of the person in charge of the office when the witness was examining the records.

3. It appearing that the plaintiff in execution did not respond to the claimant's equitable plea, but insisted upon her legal rights, this court cannot pass upon her equitable rights in the case.

November 28, 1888.

Evidence.   Mortgages.   Probate.   Record.   Officers. Practice.   Before Judge Roney.   Burke superior court.   December adjourned term, 1887.

The equitable plea referred to in the beginning of the decision, as filed by MacKenzie in aid of his claim, was to the effect following: Before any proceeding to foreclose the mortgage, he had bought the property from N. L. Scales without any knowledge of the existence of the mortgage. When the maker of said mortgage made and delivered it to the mortgagee, he had no authority to create a lien on the property, having already conveyed all his interest in it to an attorney in fact to sell and dispose of the same, and the existence of the power of attorney was known to the mortgagee at the time of the taking of said mortgage. Claimant bought the property from said attorney in fact December 4, 1886, paying him at the time the agreed purchase price, and said attorney turned the funds over to N. L. Scales through his agent and brother, J. P. Scales; and at the time of the receipt of said funds by N. L. Scales, the mortgage was in the hands of W. A. Wilkins, as a paper settled and surrendered, said Wilkins having bought the property and paid said mortgage on December —, 1886. After the purchase by claimant, and before the attempt to foreclose the mortgage, and after claimant had paid for the property in ignorance of the mortgage and without any notice of it, said N. L. Scales sold the property to said Wilkins with the consent of the mortgagee, and the mortgagee surrendered the mortgage to Wilkins and received the money due thereon. Afterwards Wilkins became satisfied that claimant had a good title, and induced N. L. Scales and the mortgagee to deliver back the money paid by said Wilkins. The reception of the amount due on the mortgage by the mortgagee rendered it *functus officio;* the same was no longer a lien, and the judgment of foreclosure is a nullity and void. The attorney for the

mortgagee, who was also attorney for N. L. Scales, after having the purchase money paid for the property in his hands, endeavored to repudiate the sale made through the attorney in fact and returned said sum to said attorney in fact over his protest, said attorney in fact now having said sum in his hands. It is admitted by N. L. Scales that the mortgagee is entitled to all of the money that would have been due had said attorney in fact sold the land, as he claims he should have done; said attorney allowed claimant to use said sum for the purpose of paying the amount claimed by the mortgagee from N. L. Scales, and claimant tendered the whole amount of the purchase price to the attorney of the mortgagee before the maturity of the note upon which the mortgage was founded. Claimant has always been and is now ready and willing to pay the full amount due on the trade under which he bought. It is immaterial to him whether the payment is made to the mortgagor or mortgagee, etc. Claimant is not liable for more than he agreed to pay, nor is the property subject, but in equity he does owe N. L. Scales the agreed price. He asks for a decree that, upon the payment of said sum, the mortgage and judgment of foreclosure be null and void, and that N. L. Scales be made party to the cause.

The rejected testimony of R. O. Lovett referred to in the second division of the decision was, that it was the custom of the clerk of the court at that time to indorse on papers given him for record that they were recorded on the day they were left at said office, when in fact they might not get on the record till long after the date so indorsed. Also that witness was attorney in fact for N. L. Scales, and sold the land to claimant under power of attorney, and that on December 6th, after the sale and after he had received the purchase money from

claimant, in compliance with a request of claimant to see if there were any liens on the land before witness turned over the money, he went to the office of the clerk of the superior court and examined the records. Did not examine the book where the mortgage now appears of record. The person then in charge of the office, not said clerk, was writing in said book at the time and assured witness that there was nothing on said book showing liens given by N. L. Scales.

R. O. LOVETT, for plaintiff in error.

WILLIAM E. JACKSON and TWIGGS & VERDERY, contra.

SIMMONS, Justice.

A mortgage fi. fa. in favor of Louisa E. Jackson against N. L. Scales, for the sum of $1,500 principal, and interest and costs, and for attorney's fees, was levied upon certain realty described in the fi. fa. A claim was interposed by MacKenzie, and an equitable plea filed, the facts alleged therein being fully set out in the official report of this case. On the trial of the case, the mortgage and fi. fa. were introduced in evidence by the plaintiff; and it appeared that the mortgage had been recorded by the clerk of the superior court of Burke county, where the trial was had. The claimant testified that at the time he bought the land, he had no knowledge of the existence of this mortgage. The court rejected the claimant's testimony to this effect, on the ground that the record was notice. Other testimony was offered and rejected, and other rulings made by the court to which exception was taken in the bill of exceptions, but which it is unnecessary to notice here, in the view we take of this case.

The mortgage given by Scales to Mrs. Jackson was

executed in the State of Arkansas, and was witnessed by John W. Howell, county judge, and Edward Reid. The probate thereon was as follows:

"STATE OF ARKANSAS, Garland County:

"I, T. T. Beldin, circuit clerk and *ex officio* clerk of the county court of Garland county, Arkansas, do certify that John W. Howell is a duly commissioned and qualified judge of the county court for said county, authorized to administer oaths and take acknowledgments; that I am acquainted with the handwriting of said judge, and believe his signature to the foregoing to be genuine.

"In witness whereof I have hereunto set my hand and the seal of the county court of Garland county.

TIP. BELDIN, clerk, by EDWARD REID, D. C."

It was insisted by counsel for the plaintiff in error that this probate of the mortgage was not in accordance with section 2706 of our code, which section is as follows: "To authorize the record of a deed to realty or personalty, it must be attested, if executed out of this State, by a commissioner of deeds for the State of Georgia, or a consul or vice-consul of the United States (the certificates of these officers, under their seals, being evidence of the fact,) or by a judge of a court of record in the State where executed, with a certificate of the clerk, under the seal of such court, of the genuineness of the signature of such judge," etc.

1. It was insisted that this mortgage, not having been attested and probated in accordance with the foregoing section of the code, was not properly recorded, and was therefore no notice to the purchaser. We think that the court below erred in holding that the record of the mortgage was notice. In our opinion, it was improperly recorded. The section above cited requires that when a deed is executed out of the State, it shall be attested, either by a commissioner of deeds of this State, a consul or vice-consul of the United States, or the judge of a court of record. While one of the attesting witnesses to this instrument signs as judge of the county court,

the certificate of the clerk does not show that that court was a court of record, nor was it shown by proper proof upon the trial in the court below. If the statute of Arkansas had been introduced on the trial, and it had been shown that the county court of Garland county was a court of record, perhaps that would have been sufficient to have cured the defect in that particular; but this was not done; nor was any statute of that State, showing that the county court of Garland county was a court of record, shown to us in the argument here.

This section of the code also requires (*supra*, §2706,) that the clerk of such court shall certify under the seal of the court " the genuineness of the signature of such judge." The clerk in this case simply certifies : " I am acquainted with the handwriting of said judge, and believe his signature to the foregoing to be genuine." We do not think this complies with the law. The clerk, under our law, must certify positively that the signature is genuine. Nor is it an unreasonable requirement. If a judge of a court of record attests a paper, signing his name thereto, the clerk of that court ought to be able to certify positively as to the genuineness of the signature. He knows the judge, has seen him write, and can see him sign his name if necessary, and therefore can certify positively as to the genuineness of the signature. In addition to this, the probate is not signed by the clerk of the court, but appears to be signed by a deputy. It is signed " Tip Beldin, clerk, by Edward Reid, D. C." So it appears that Beldin was the clerk, and did not certify at all, although his name is to the probate. While it may be true that a deputy-clerk may perform any duty that the clerk is authorized to perform, we are inclined to think that when the deputy-clerk certifies, he must certify over his own signature, and not that of the principal clerk as was done in this case. For these

reasons, we hold that this mortgage was improperly admitted to record, and being improperly admitted to record, the record thereof was no notice to the purchaser in this case. The court therefore erred in holding that the record was notice to this purchaser.

It was insisted for the plaintiff in error, that counsel for the defendant in error ought not to be allowed to make objection to the probate of the mortgage here, because that point was not made before the court below and ruled on there. We cannot take judicial notice of the oral contentions of the parties in the court below. The only matters of which we can take cognizance here, in the proceedings in the court below, are such matters as are certified by the judge of the court below as having transpired therein. In this case, as the bill of exceptions alleges, the court below ruled that the recording of this mortgage was notice to the purchaser. The question, therefore, is plainly and distinctly made in this record, and it is our duty to take cognizance of it and pass upon it. It may be true that the attention of the court below was not called to the defective probate of this mortgage, and it may be true that all the reasons and arguments presented here were not presented to the court below; but we hold that, where a point is plainly and distinctly made in the record, it is our duty to pass upon it when it is insisted on before us.

2. There was no error in ruling out the testimony of Lovett as to the custom or habit of the clerk of the court to indorse on papers given him for record, that they were recorded on the day they were left at his office for record; nor was there any error in ruling out his testimony as to the sayings of the person in charge of the office when he (Lovett) was examining the records.

3. It was insisted by counsel for the plaintiff in error

that, although this mortgage may have been defectively recorded and was no notice to the purchaser, yet as the purchaser had not paid the purchase money and therefore had not been damaged, and has filed an equitable plea in this case, equity will protect Mrs. Jackson in all of her rights the same as if the purchaser had had notice; because, they insist, in equity she would have an equitable lien which would still be paramount to the rights of a *bona fide* purchaser, said purchaser not having paid any of the purchase money. This may or may not. be true, but we will not decide it now. We cannot pass upon her equitable rights in this case, because it appears from the record that she did not respond to MacKenzie's equitable plea, but insisted upon her legal rights. There is no question of this sort made in the bill of exceptions. On the next trial, this question may be made, under proper pleadings, and when made, will doubtless be adjudicated properly by the court below.

Judgment reversed.