## WOOD et al. v. BEWICK LUMBER COMPANY.

1. Under the system of pleading and practice prevailing in this State, a petition containing allegations sufficient to authorize the recovery of real property therein described, as well as allegations authorizing the granting of equitable relief in relation to such property, is amendable by striking therefrom all allegations and prayers relating to the equitable relief, and

leaving the petition to stand for the purpose of recovering possession of the property only.

2. A deed to land situated in this State, executed in another State before a judge of a court of record of the latter State as one of the attesting witnesses, can not be admitted to record unless there be attached to it a certificate of the clerk of the court of which the witness is judge, under the seal of such court, showing that the signature of the judge is genuine. When a deed so executed is offered in evidence, it must be shown that the court of which such person is judge is a court of record; and this fact may be shown either by a statement to that effect in the clerk's certificate, or by other proper proof.

3. Assignments of error upon charges and refusals to charge, depending entirely upon the evidence, can not be considered where the brief of the evidence is so confused that it is impossible to determine what was the testimony at the trial on the matters pertinent to such alleged error.

Argued October 27, — Decided December 21, 1897.

Equitable petition.    Before Judge Sweat.    Appling superior court.    July 29, 1897.

*E. P. Padgett*, for plaintiff in error.

*G. J. Holton & Son, A. C. Wright* and *J. C. McDonald*, contra.

Cobb, J.    The Bewick Lumber Company brought an action against Jesse Lott, John McLean, and Arthur Wood, in which it was alleged that the plaintiff claimed title to a described lot in Appling county, and that the defendant Wood was in possession under a forged deed, and had sold to the defendants Lott and McLean the merchantable timber upon the lot; and the plaintiff prayed that it might recover possession of the lot from the defendants, and that the cloud upon its title growing out of the forged deeds held by the defendants might be removed, and that such deeds might be decreed to be canceled, and for an injunction against the defendants.    Attached to the petition was an abstract of title.    At the trial plaintiff offered an amendment, which was in substance as follows: first, plaintiff waives and renounces all that portion of its petition in which equitable relief is sought for cancelation of deeds and injunction, and relies solely upon its right to recover from defendant the premises in controversy; second, plaintiff amends its abstract of title by completing the abstract originally attached to the declaration.    This amendment was allowed over the objection of defendants.    There was a verdict for the plaintiff for

the premises in dispute, and the court overruled the defendants' motion for a new trial.   They excepted.

1.  Complaint is made in the motion for a new trial, that the court erred in allowing the amendments above referred to. Upon an analysis of the petition as originally filed, it will clearly appear that it was the intention of the pleader to bring a suit to recover possession of the land, and in aid of this suit invoke certain equitable relief.   The action was really complaint for land, with prayers for equitable relief necessary to a complete enjoyment of the property after it had been recovered on the title on which the plaintiff relied.   Such being the case, the plaintiff was at liberty to abandon that part of the suit which was merely incidental to the original purpose of the action; and an amendment striking all of the allegations except such as would be germane to an action of complaint for land, and by amendment perfecting and completing the abstract of title attached to the petition, would not add a new cause of action.   There was no error in allowing the amendment.   *Camp* v. *Smith*, 61 *Ga.* 449; *Hooks* v. *Booker*, 94 *Ga.* 712.

2.  There was offered in evidence a deed which purported to have been executed in the State of Michigan before Cornelius J. Reilly, judge of the circuit court of the county of Wayne of that State, as one of the witnesses.   Attached to the deed was a paper, of which the following is a copy:

"State of Michigan, County of Wayne.   Before me, William May, county clerk for the County of Wayne, State of Michigan, personally came Cornelius J. Reilly, judge of the circuit court of the County of Wayne, State of Michigan, to me known to be the individual whose signature is affixed to the foregoing deed as one of the witnesses thereto, who, being sworn, says that he was present at the time when said deed was executed, and that he saw the same signed, sealed, and delivered by Charles Bewick, whose signature is thereto affixed as grantor; that Clarence A. Leightner, the other subscribing witness thereto, was likewise present at said time, and witnessed said execution of said deed, and that he, the said Cornelius J. Reilly, and the said Clarence A. Leightner, then and there signed the same as attesting witnesses.

"Subscribed and sworn to before me, this 13th day of January,.1891.  Wm. May, clerk circuit court of the County of Wayne, State of Michigan."

The deed was objected to on the ground that the paper attached was not sufficient to authorize its admission to registry; and that it could not, therefore, be admitted without the production of the subscribing witnesses.  The court overruled this objection and admitted the paper as a properly registered deed.  In order to admit to record a deed executed out of the State and attested by a judge of a court of record in the State where it is executed, there must be attached to it a certificate of the clerk, under the seal of such court, certifying to the genuineness of the signature of the judge, and it must appear at the time the deed is offered in evidence, either from the certificate or in some other proper way, that the court over which the judge presides is a court of record.  It is not absolutely essential that the certificate of the clerk should show that it is a court of record, but this fact may be proved in other ways.  If the certificate in other particulars conforms to the statute, then any proper proof that the court in question is a court of record in the State where the paper was executed will be sufficient.  An examination of the alleged certificate in this case discloses that the clerk has failed to certify that the court of which he is clerk is a court of record under the laws of the State of Michigan.  Objection was made to the admission of the deed upon this ground; and there being no evidence offered to prove what was the law of Michigan in order to determine whether this court was a court of record or not, the court erred in admitting the deed in evidence.  The paper claimed to be a certificate does not seem to be a compliance with the statute at all, and is really not a *certificate.*  It appears to be an affidavit of the judge administered by the clerk.  The statute contemplates that the genuineness of the signature shall be authenticated by the *certificate* of the clerk.  The regular and proper way is for the clerk to *certify* to the official character and signature of the judge, and also to the fact that the court of which the witness is judge is a court of record under the laws of the State.  See *MacKenzie* v. *Jackson,* 82 *Ga.* 80.

3. We have dealt with all of the questions which are presented in the record in such a manner that we can decide them. The other objections to the admissibility of documentary evidence were presented in such a way that we can not determine from the record what were the exact objections made.    The complaints made as to charges and refusals to charge depend almost entirely upon the oral evidence in the case, and the brief of the testimony is so confused that it is impossible for us to determine what was proved.    As the case goes back for a new hearing, if any errors were committed by the judge in the admission of evidence, in charging or refusing to charge, he will have an opportunity to correct them.

*Judgment reversed.    All the Justices concurring, except Atkinson, J., who was disqualified.*