### SMITH et al. v. GARRISON et al.

PER CURIAM. The suit, after the allowance of amendments, consisted of two counts. The first count was against the defendant as administratrix, and charged waste, mismanagement, and wanton and fraudulent misappropriation of funds of the estate. The prayers of the first count were for an injunction to prevent the administratrix from selling or disposing of any of the property of the estate, for a receiver, and for general relief. The second count was against the defendant individually. It denied that the defendant had ever been administratrix of the estate; charged that her purported appointment as such was void ab initio, and that she was an executrix de son tort; and charged the same acts of waste, mismanagement, and willful and fraudulent misappropriation of funds. The prayers of the second count were the same as those of the first, except that the relief sought was not against the defendant in her representative capacity. The original petition and both amendments were sworn to. Held:

1. The court erred in overruling the demurrer to the second count of the petition as amended, based on the grounds that the amendment set out a new and distinct cause of action and was not germane to the case made in the original petition; and that the second count was repugnant and contradictory to the case made by the original petition. "Where a bill was filed against a defendant as administrator, seeking a decree against him in such representative capacity, a demurrer to an amendment charging him individually should have been sustained." Smith v. Ardis, 49 Ga. 602; Carey v. Smith, 11 Ga. 539; Rogers v. Atkinson, 14 Ga. 320; Ansley v. Glendenning, 56 Ga. 287; Thompson v. McCulloch, 16 Ga. 527; Hart v. Henderson, 66 Ga. 568; Roberts v. Atlanta Real Estate Co., 118 Ga. 502 (45 S. E. 308); Civil Code (1910), § 5683; 21 C. J. 523, 625. The first count, while it also names the defendant individually, and as administratrix, is in fact a suit against the defendant in her representative capacity. and prays for no substantial relief against the defendant for any acts done as an individual. The second count is solely against her as an individual assuming to act as administratrix without legal authority.

2. The judgment of the court contained a specific ruling that the act of 1918, providing for the appointment of guardians for lunatics, was unconstitutional, and that therefore the appointment of Mrs. Smith

as guardian was void. The court also appointed a receiver to take charge of the property of the deceased lunatic, then in the hands of the administratrix. The issue as to the constitutionality of the above-cited act was made solely in the amendment to the original petition, and designated as the second count. It is to be presumed that the judgment holding the act unconstitutional entered into the judgment appointing the receiver. Having held above that the court erred in overruling the demurrer to the second count of the petition as amended, the judgment appointing the receiver was erroneous; and the judgment holding the act of 1918 unconstitutional will be considered as nugatory.

3. The petition, with the second count stricken, was sufficient to set out a cause of action, and the court did not err in refusing to strike the petition as a whole.

*Judgment reversed in part. and affirmed in part. All the Justices concur, except Russell, C. J., dissenting generally, and Atkinson, J., dissenting from the ruling in the first headnote.*

No. 3040. MARCH 3, 1923.

Injunction and receivership. Before Judge Pendleton. Fulton superior court. November 30, 1921.

*Neel & Neel* and *Little, Powell, Smith & Goldstein,* for plaintiffs in error.

*Morris & Hawkins, Campbell Wallace,* and *Colquitt & Conyers,* contra.