## WYCHE et al. v. COOK.

1. A petition properly construed as an action on a contract of land sale, to obtain a judgment for a balance of stipulated purchase-price and interest, and to have that judgment decreed a special lien on the land, but showing on its face that no part of the amount sued for was due at the commencement of the suit, failed to allege a cause of action.

2. Amendments striking the prayer for special lien, and adding a charge of liability for a stated amount as the difference between the contract price and the value of the land at the date of the alleged breach of contract, and praying judgment for such amount, were demurrable as causing the petition as so amended to contain two inconsistent demands.

3. Where a contract of land sale provided for making a bond for title and execution of notes for part of the price, it was not a breach of the contract for the purchaser to refuse to execute such notes upon tender of a bond stipulating for a consideration different from that stated in the contract, excluding a cash payment and a note made by him on execution of the contract, which note had been indorsed and assigned by the vendor when such variant bond was tendered.

No. 3408.   September 7, 1923.

Equitable petition. Before Judge Roop. Meriwether superior court. August 30, 1922.

*J. P. Atkinson* and *Hall & Jones,* for plaintiffs in error.

*N. F. Culpepper* and *Camp & Parker,* contra.

Atkinson, J. A contract signed by two parties in duplicate, and delivered January 3, 1921, contained the following provisions:

"H. W. Cook, party of the first part, and C. C. Wyche, party of the second part, witness: that the party of the first part agrees to sell to party of the second part a certain tract or parcel of land lying and being in the seventh district of Campbell County, Georgia, described as follows: All of land lot no. 24 except five acres, and all of land lot no. 25 except five acres, all of land lot no. 23 lying south of Bear Creek, except ten acres in the southeast corner. Being in all 538 acres, more or less. The consideration

for the above-described land is $30,000.00 to be paid as follows: $100.00 this day paid, receipt of which is hereby acknowledged; one note for $5,000.00 due January 1st, 1922, with interest from maturity. This $5,000.00 note includes $3,000.00 principal and $2100.00 interest, except $100.00. The said $2100.00 being the interest at 7 per cent. on $30,000.00 for one year (1921). Balance $27,000.00 to be divided in nine equal notes of $3,000.00 each, principal, and bearing interest from January 1st, 1922, at 7 per cent. On January 1st, 1922, H. W. Cook is to execute a bond for title to C. C. Wyche, for the above-described property, and C. C. Wyche is to give H. W. Cook the nine notes as set out in the above contract."

On January 30, 1922, Cook instituted an action against Wyche and the wife of Wyche. The original petition set out a copy of the contract, and alleged: (a) delivery of the $5,000 note, and that the same had been assigned by indorsement to a bank as collateral security, and that the bank had instituted suit thereon against the maker and indorser (such allegations being contained in paragraph five of the petition); (b) entry of possession by Wyche under the contract, and renting the property to tenant for the years 1921 and 1922, and collection of rents for the first year; (c) tender of a bond for title according to the contract, and demand for the notes, such tender and demand having been made on January 4, 1922, and repeated on January 12, 1922, both of which were refused by Wyche; (d) on the basis of the foregoing Wyche " is indebted to petitioner in the sum of $27,000.00 principal, besides interest on said principal sum at 7 per cent. per annum from the 1st day of January 1922." The petition also set out a copy of a paper executed by Wyche to his wife, purporting to convey absolutely, subject to an outstanding loan deed, an undivided interest in certain land (other than that purchased from the petitioner) in consideration of payment of a portion of the purchase-price, and to convey as security for a different obligation all interest of the grantor in the land and certain personalty consisting of mules, cows, hogs, and farming implements. As to this transaction it was alleged that the grantor was insolvent, and that the paper was executed fraudulently for the purpose of avoiding payment of creditors, including petitioner, and hindering and delaying them in the collection of their debts; that such purpose was known to the

grantee, and the deed was void. The prayers were: (*a*) for judgment against Wyche " for the sum of $27,000.00 principal, and the interest thereon from the 1st day of January, 1922, at 7 per cent. per annum;" (*b*) that the judgment be made a special lien on the 538 acres of land; (*c*) that Wyche be enjoined from collecting rents from the land, and from assigning the rent contract; (*d*) that the deed from Wyche to his wife be declared void and canceled; (*e*) for process and general relief.

Wyche filed a demurrer on the grounds: (1) that the petition fails to set out a legal cause of action, and that the allegations do not authorize the relief prayed; (2) that there is a misjoinder of parties and of causes of action. Special grounds of demurrer were urged against the fifth paragraph of the petition, relating to assignment of and suit on the $5,000 note, on the ground that the allegations of the paragraph were irrelevant and prejudicial; also to the allegations as to tender of a bond for title, on the ground that the allegations amounted to a mere conclusion, and that a copy of the bond should be set out. Other grounds of special demurrer were presented; but they were not specially mentioned in the judgment of the trial court, and the points raised by them were not insisted upon in the brief of the attorney for the plaintiffs in error. After the demurrer was filed the petition was amended by setting out a copy of the bond for title, and by alleging that " petitioner has been injured and damaged by the defendant in the principal sum of $27,000.00, and that the defendant is liable and is indebted to the plaintiff in the sum of $27,000.00 by reason of the facts and allegations as set forth in the original petition, . . and as set forth in this amendment." The bond for title purported to date from January 12, 1922, and stated that the consideration was $27,000, to be paid in nine successive annual installments of $3,000 each, the first to be payable January 1, 1923. There was a prayer in the amendment for the same relief as that specified in the original petition. The amendment and the petition as amended were demurred to on the grounds stated in the demurrer to the original petition, and on the further grounds: (*a*) that the action is on the contract for the purchase-price of the land, and it appears upon the face of the petition as amended that no part of the price was due when the suit was filed; (*b*) that if the amendment should be construed as changing the

petition from an action on the contract, for the purchase-price of the land, to an action for breach of the contract, for refusal to accept the bond and execute the purchase-money notes, the amendment would set up a different cause of action; also that the filing of the original petition was an election to treat the contract as subsisting, and, having so elected, the petitioner can not sue for the breach arising by refusal to accept the bond and execute notes; also that if the petition as amended was a suit for such breach of the contract, it was not alleged what would be the difference between the contract price and the agreed price at the date of the breach.

After the filing of this demurrer a second amendment to the petition was filed, wherein reference was made to that part of the original petition that alleged tender of the bond for title and refusal to execute the notes. Immediately following such reference it was alleged: " And by thus breaching said contract . . said defendant, C. C. Wyche, injured and damaged your petitioner in the sum of $12,000.00, said land being of the value of $18,000.00 at the time of said breach, and the said $12,000.00 being the difference in the contract price . . and the value of said land." The amendment also struck the prayer of the original petition for a special lien on the land, and added a prayer that petitioner " have judgment against the defendant, C. C. Wyche, for the sum of $12,000.00, being the difference in the contract price . . and the value of said land on the date of the breach of said contract." A demurrer to this amendment was filed, on grounds in substance the same as those urged to the first amendment and the petition as amended. The judge sustained the demurrer to the fifth paragraph of the petition, and overruled the demurrers to both amendments and to all other portions of the original petition as amended. The defendants excepted.

1. The original petition did not seek specific performance of the contract to execute purchase-money notes, or to recover unliquidated damages for refusal to accept a bond for title and execute purchase-money notes, though it contained some allegations that would be appropriate in such a suit; but, properly construed, it was an action on the contract, to obtain a money judgment for a balance of stipulated purchase-price and interest, and to have the money judgment decreed to be a special lien on the land. The

case differs on its facts from *Coaling Coal & Coke Co.* v. *Howard,* 130 *Ga.* 807 (61 S. E. 987, 21 L. R. A. (N. S.) 1051). As an action for purchase-money, the petition as amended showed on its face that no part of the amount sued for was due at the commencement of the suit; and consequently it failed to allege a cause of action.

2. The amendments did not introduce any new parties or any new contract. They struck from the original petition the prayer that the judgment for purchase-money be made a lien upon the land, but in other respects left the original petition intact, except that they added a charge of liability to the amount of $12,000 as the difference between the contract price and the value of the land at the date of the breach of the contract, and prayed for a judgment of such amount. The effect of such a demand as alleged in the amendments, superadded to the demand declared upon in the original petition for the purchase-price of the property, was to cause the petition as amended to contain two inconsistent demands; and consequently it was erroneous to overrule the demurrer to the amendments.

3. As an action for unliquidated damages for breach of the contract in refusing to accept the bond for title and execute the purchase-money notes, the petition as amended did not allege refusal to accept a proper bond for title, but set out the terms of a bond for title which was tendered as compliance with the contract. The purchase-price was $30,000, for which when paid the purchaser would be entitled to a deed showing that consideration. The bond for title which was tendered provided a different consideration — that is, a consideration of $27,000, — which would exclude the cash payment and the note that had been previously executed and was outstanding in the hands of the bank. The purchaser was not bound to accept a bond for title of that character, and the refusal to do so and execute the notes was not a breach of the contract.

4. The relief in regard to cancellation of the deed from the husband to the wife was only incidental and dependent upon the suit for a money judgment.

5. The petition did not allege a cause of action, and the court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur.*