WARDLAW *et al. v.* WARDLAW.

No. 11792. November 10, 1937. Rehearing denied December 8, 1937.

184

*George W. Westmoreland,* for plaintiffs.

*Davis & Stephens,* for defendant.

BELL, Justice. ■ In the original petition and the first amendment there was no allegation as to actual possession of the 50 acres in controversy, except the general statement that the defendant R. F. Wardlaw would "survey out" 50 acres where the plaintiffs now live and execute deeds to same to Mrs. L. C. Wardlaw, this statement being contained in paragraph 4 of the petition, and apparently based upon the clause in the writing that the 50 acres "should include the home place where L. C. Wardlaw now resides," and except the allegation in paragraph 9, "that the lands on which plaintiffs live and all furniture thereon are the property of Mrs. L. C. Wardlaw." These averments show possession only of the "home place," and not of the entire 50 acres. In the second amendment, however, it is alleged that immediately after executing the instrument in question the parties went into possession of their

respective tracts, Mrs. Wardlaw taking possession of the 50 acres the boundaries of which had been agreed upon by Mrs. Wardlaw and R. F. Wardlaw, and R. F. Wardlaw going into possession of the remainder of the land which went to him under the contract. While in the writing signed by the defendant the lines of the 50-acre tract were left open, they were made the subject of future agreement; and it appears from the first amendment that R. F. Wardlaw and the plaintiffs did, in May, 1933, have the same surveyed, with the result that the boundaries and form of the tract were determined with sufficient certainty. With the further allegation as contained in the second amendment, that after executing the written instruments the parties went into possession of their respective tracts, the petition as then amended, if not before, was sufficient to state a cause of action as against an objection based upon indefiniteness of description. The plaintiffs do not rely entirely upon the written instrument executed by the defendant. This writing is more a matter of inducement, showing that the parties contemplated a subsequent oral agreement for the purpose of determining the boundaries; and the petition with these two amendments brings the case within the principle stated in the Code, § 37-802, that "Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, shall be sufficient part performance to justify a decree." Compare *Gaston* v. *Gainesville & Dahlonega Electric Ry. Co.*, 120 *Ga.* 516 (48 S. E. 188), in which it was held that "where a right of way is granted to a railroad company, without any designation of the route in the deed, the occupancy of a particular route by the grantee with the consent of the grantor will identify and locate the route granted." This ruling was followed in *Atlanta & West Point Railroad Co.* v. *Atlanta, Birmingham & Atlantic Railroad Co.*, 125 *Ga.* 529 (2) (54 S. E. 736). See also Wilkins v. Hardaway, 159 Ala. 565, 48 So. 678, where the facts were similar to those in this record. In that case the contract did not sufficiently describe the land, but the petition alleged that in pursuance of it a survey was made and the area determined. The court held, that, since the uncertainty in description was removed by the survey, the petition was sufficient as against a demurrer based upon indefinite description. See also

*Bryant* v. *Booze,* 55 *Ga.* 438; *Lyle* v. *Phillips,* 141 *Ga.* 618 (81 S. E. 867); *Hayes* v. *Dickson,* 148 *Ga.* 700 (98 S. E. 345); *Boyd* v. *Sanders,* 148 *Ga.* 839 (98 S. E. 490); *Bass* v. *African Methodist Episcopal Church,* 150 *Ga.* 452 (2) (104 S. E. 437); *Whelchel* v. *Waters,* 152 *Ga.* 614 (2) (111 S. E. 25). It follows from what has been said that the allegations contained in the original petition and both amendments were sufficient to state a cause of action, and that the court erred in dismissing the petition as finally amended.

■ The second amendment as allowed subject to demurrer, however, contained much that was improper in an amendment, and was therefore subject in part to the demurrer filed. Paragraphs 5 to 9, inclusive, and prayers 3 and 4 of this amendment refer to rescission and damages, and were objectionable as attempting to allege a new and distinct cause of action. It will be seen that these portions of the amendment do not refer to the claim of Mrs. Wardlaw, to whom the deed to the fifty acres was to be executed. Accordingly, the allegations do not constitute an alternative claim for damages in lieu of specific performance. Cf. *Loewus* v. *Eskridge & Downing Inc.,* 175 *Ga.* 456 (5) (165 S. E. 576); *Woodall* v. *Williams,* 176 *Ga.* 343 (167 S. E. 886); Riverside Land & Irrigation Co. *v.* Sawyer, 24 Colo. App. 442 (134 Pac. 1011). On the contrary, the claim as to rescission and damages is made solely on behalf of L. C. Wardlaw, and is predicated upon the theory of fraud. It is contended that the 50-acre tract is of the value of $3,000, and that if the title thereto can not be decreed in Mrs. Wardlaw the whole contract should be set aside, the parties placed in status quo, and the deed to R. F. Wardlaw canceled as having been obtained by fraud; or, that L. C. Wardlaw do have and recover of the defendant R. F. Wardlaw the sum of $3,000, this being the reasonable value of the land fraudulently obtained by R. F. Wardlaw by executing a memorandum the conditions of which he did not intend to perform. In the original petition the plaintiff relied upon an alleged contract as a valid undertaking, and prayed for a decree of specific performance based thereon in favor of Mrs. Wardlaw; whereas the amendment seeks a recovery of damages only in behalf of the other plaintiff, L. C. Wardlaw. Furthermore, the amendment would change from a reliance upon the contract to a repudiation of the same, and would thus proceed upon a theory entirely opposite to that advanced in the original

petition. It is therefore plain that the portions of the amendment referred to in this division were objectionable as seeking to introduce a new and distinct cause of action, and that to this extent the judgment sustaining the demurrers was correct and should be affirmed. *Harden* v. *Lang,* 110 *Ga.* 392, 395 (36 S. E. 100); *Brand* v. *Power,* 110 *Ga.* 522 (2) (36 S. E. 53); *Horton* v. *Smith,* 115 *Ga.* 66 (41 S. E. 253); *Bacon* v. *Moody,* 117 *Ga.* 207 (43 S. E. 482); *Trust Company of Ga.* v. *Scottish &c. Ins. Co.,* 119 *Ga.* 672 (46 S. E. 855); *Timmerman* v. *Stanley,* 123 *Ga.* 850 (2) (51 S. E. 760, 1 L. R. A. (N. S.) 379); *Adams* v. *Johnson,* 182 *Ga.* 478 (185 S. E. 805). As pointed out in the preceding division, however, the dismissal of the entire petition as amended, including the first amendment and paragraphs 1 to 4 and prayers 1 and 2 of the second amendment, was erroneous and must be reversed.

*Judgment reversed in part, and affirmed in part. All the Justices concur, except Atkinson, P. J., who dissents.*