HARRELL *v.* PARKER.

No. 12381.   SEPTEMBER 24, 1938.

*Vance Custer,* for plaintiff in error.

*Jeff A. Pope* and *A. B. Conger,* contra.

BELL, Justice. (After stating the foregoing facts.)

The fact that the plaintiff amended her petition by striking the equitable features and converting it into an action at law for damages has provoked some thought as to whether we should retain jurisdiction or transmit the case to the Court of Appeals. We have concluded that the writ of error was properly made returnable to this court. The following cases and others which might be mentioned, bearing some resemblance, were transferred: *Coats* v. *Casey,* 162 *Ga.* 236 (133 S. E. 237) ; *Byrd* v. *Piha,* 169 *Ga.* 115 (149 S. E. 699) ; *Collier* v. *Barnesville,* 174 *Ga.* 294 (162 S. E. 530) ; *Brightwell* v. *Oglethorpe Telephone Co.,* 176 *Ga.* 65 (166

S. E. 646) ; *Southern Railway Co.* v. *Slaton,* 178 *Ga.* 314 (2) (173 S. E. 161). In these cases the parties in one way or another eliminated the matter which might otherwise have brought the case within the jurisdiction of the Supreme ' Court. The propriety of so doing, however, was not drawn into question on appeal. In the instant case the amendment was allowed over objection and demurrer, and these rulings were assigned as error in the bill of exceptions. We therefore have a case in which the finality of the amendment to an equitable petition is undetermined, and the propriety of its allowance is one of the matters for adjudication. It would seem that in the meantime, the petition must continue to be treated as an equity case; and so we have concluded that this court has jurisdiction of the writ of error.

■ . The parties will be referred to in this opinion as the plaintiff and the defendant, according to their position in the court below. The defendant's first contention is that the original petition did not state a cause of action, and that, because it *did not,* the amendment was not allowable. We can not sustain this contention, even assuming that without amendment the petition did not state a cause of action. The fact that a petition fails to state a complete cause of action is not necessarily a sufficient reason for refusing to allow an amendment adding matter of substance. *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691 (5, 6, 7) (13 S. E. 809). In that case the court reviewed and overruled the earlier decision in *Martin* v. *Gainesville, J. & S. Railroad Co.,* 78 *Ga.* 307, as well as "any and every other case" in conflict with the rulings then made. This general reference must of necessity have included *Selma, Rome & Dalton Railroad Co.* v. *Lacey,* 49 *Ga.* 106 (2), and *Bell* v. *Central Railroad,* 73 *Ga.* 520, on which the decision in the *Martin* case was expressly based. If this be true, it would seem that the second note in the *Lacey* case was erroneously cited in *Hooper* v. *Atlanta,* 26 *Ga. App.* 221 (105 S. E. 723) ; *City of Macon* v. *Newberry,* 35 *Ga. App.* 252 (2) (132 S. E. 917) ; *Kennemer* v. *Western & Atlantic Railroad,* 42 *Ga. App.* 266 (3) (155 S. E. 771). Despite ambiguous language in some of the later cases, the *Ellison* decision has continued to be the accepted criterion. Subject to the qualifications as to adding a new and distinct cause of action and new and distinct parties (Code, § 81-1303), all parties may at any stage of the cause and

as a matter of right amend their pleadings in all respects, whether in matter of form or of substance, "provided there is enough in the pleadings to amend by." Code, § 81-1301. Under the decision in the *Ellison* case, "Enough to amend by in matter of substance, in aid of an incomplete cause of action, is the least amount of substance in a declaration which will serve to show that, according to the original design of the pleader, what is offered to be added rightly belongs to the cause of action which he meant to assert, and that the addition proposed would make the cause of action complete. There must be a plaintiff, a defendant, jurisdiction of the court, and facts enough to indicate and identify some particular cause of action as the one intended to be declared upon, so as to enable the court to determine whether the facts proposed to be introduced by the amendment are part and parcel of that same cause. Any amendment whatever which, if allowed, would leave the cause of action incomplete should be rejected." See also Code, § 81-1302; *Augusta Railway Co.* v. *Andrews,* 92 *Ga.* 706, 711 (19 S. E. 713); *Maxwell* v. *Harrison,* 8 *Ga.* 61 (52 Am. D. 385); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5, 6) (48 S. E. 318); *Eagle & Phenix Mills* v. *Muscogee Mfg. Co.,* 129 *Ga.* 712 (59 S. E. 804); *United States Fidelity & Guaranty Co.* v. *Koehler,* 36 *Ga. App.* 396 (3) (137 S. E. 85); *Turner* v. *Plottel,* 45 *Ga. App.* 621 (3) (166 S. E. 31); *Johnson Lumber Co.* v. *Akers Lumber Co.,* 48 *Ga. App.* 329 (172 S. E. 667); *Gladney* v. *Borders,* 50 *Ga. App.* 608 (179 S. E. 219). Manifestly, a petition which fails to set forth a cause of action can not be made the basis of an amendment which seeks not merely to amplify or perfect the allegations contained in the original petition, but purports to substitute in lieu thereof or to add thereto an altogether different state of facts. This was the effect of the rulings in *Davis* v. *Muscogee Mfg. Co.,* 106 *Ga.* 126 (32 S. E. 30), *Shepherd* v. *Southern Pine Co.,* 118 *Ga.* 292 (2) (45 S. E. 220), and *Jones* v. *Robinson,* 172 *Ga.* 746 (3) (158 S. E. 752). The ruling in the *Jones* case was based on the further ground that an amendment should be rejected if it would still leave the cause of action incomplete. None of these decisions held that a petition is not amendable merely because it does not state a complete cause of action, without amendment. Whether or not the petition as originally filed in the instant case was sufficient to state a com-

plete cause of action, or would have been good without amendment, it contained enough to amend by.

■ If we correctly appraise the position taken by the defendant's attorney, it is further insisted that the plaintiff's amendment was objectionable as attempting to add a new and distinct cause of action, for the reason that it changed the petition from a suit in equity into an action at law. While in *Hart* v. *Henderson, 66 Ga.* 568, 572, there was an intimation that a suit in equity could not be converted by amendment into an action at law, such has not been the rule since the passage of the uniform procedure act of 1887, merging the legal and equitable jurisdiction of the superior court, and combining in large measure legal and equitable procedure. Ga. L. 1887, p. 64; Code, §§ 37-901, 37-907, 81-101; *DeLacy* v. *Hurst, 83 Ga.* 223, 229 (9 S. E. 1052). Whatever may have been the previous law upon this subject, a petition in equity may now be changed by amendment into an action at law, where the amendment is not otherwise objectionable; and the converse, of course, is equally true. Compare *Carson* v. *Fears, 91 Ga.* 482 (3) (17 S. E. 342); *Hooks* v. *Booker, 94 Ga.* 712 (20 S. E. 2); *Wood* v. *Bewick Lumber Co., 103 Ga.* 235 (29 S. E. 820); *Benton* v. *Benton, 164 Ga.* 541 (139 S. E. 68). So, in this case, it was not a valid ground of objection that the amendment had the effect of changing the equitable petition into a plain action at law.

■ It is contended further that in the original petition the plaintiff attempted to avoid and repudiate the contract between her and the defendant, while in the amendment she would change to reliance upon the agreement. For this additional reason, it is insisted that the amendment was objectionable as adding a new and distinct cause of action. If it could be said that the defendant's construction of the pleadings is correct, it would seem to follow from the authorities that the amendment should not have been allowed. A party could not by amendment change from a repudiation of the contract to a reliance upon it, and thus proceed upon a theory entirely opposite to that advanced in the original petition, over a proper objection by his adversary. An amendment so inconsistent with the original pleading would be objectionable as adding a new and distinct cause of action. *Hart* v. *Henderson, 66 Ga.* 568 (2); *Horton* v. *Smith, 115 Ga.* 66 (41

S. E. 253); *Smith* v. *Garrison,* 155 *Ga.* 260 (116 S. E. 599); *Wyche* v. *Cook,* 156 *Ga.* 246 (2) (119 S. E. 402); *Magid* v. *Byrd,* 164 *Ga.* 609 (3), 622 (139 S. E. 61); *Griffith* v. *Moore,* 185 *Ga.* 120 (5) (194 S. E. 551); *Wardlaw* v. *Wardlaw,* 185 *Ga.* 181 (2), 187 (194 S. E. 187). In our opinion, however, the amendment here was not inconsistent with the original pleading. On the contrary, it "was in aid of the original petition, and not destructive of it." *Jenkins* v. *Lane,* 154 *Ga.* 454, 473 (115 S. E. 126). The instant case is distinguished by its facts from *Horton* v. *Smith,* supra. In that case, the plaintiff first asked for damages for the alleged breach of a contract for support, made in consideration of a deed to land executed by the plaintiff. There was not, as here, any allegation of insolvency. Notwithstanding this, the plaintiff Horton attempted to amend by striking the prayer for damages and substituting prayers for the *rescission of the contract for support* and the cancellation of the deed which furnished the consideration therefor. That was a clear case of repudiation of the agreement originally sued on, with an incidental prayer for cancellation. Here the plaintiff repudiated nothing, but relied at all times upon the contract as made. In her original petition she asked only for cancellation, and prayed for that merely because, as she apparently believed, the defendant was insolvent. If the defendant was in fact insolvent, a judgment for damages would not have given adequate relief. *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (3, 7) (124 S. E. 722); *Burkhalter* v. *DeLoach,* 171 *Ga.* 384 (2) (155 S. E. 513); *Cain* v. *Varnadore,* 171 *Ga.* 497 (5) (156 S. E. 216). By the amendment, however, she struck the allegation as to insolvency, and in these circumstances she could only ask for damages. She did not either in the original petition or in the amendment seek to uproot or undo the contract for any reason, but in both instances treated it as a continuing and binding obligation. The only variance in her position was that she prayed first for concellation on the theory that the defendant was insolvent, and later for damages on the theory that he was solvent and able to respond. As to this phase, since the change related only to the character of the relief sought, the amendment did not add a new and distinct cause of action. In *Jordan* v. *Downs,* 118 *Ga.* 544 (45 S. E. 439), it was held: "Where an equitable petition is filed by wards for the purpose of

tracing trust funds which their guardian wrongfully invested in certain land, and the prayer of the petition is for the recovery of the land, an amendment striking this prayer and substituting therefor a prayer for an accounting and for a money judgment with a special lien on the land does not set up a new and distinct cause of action." This ruling is applicable, we think, in the present case. In the opinion it was said: "The cause of action was the wrongful investment of the plaintiffs' money in the land. The amendment did not affect this, but was simply a prayer for another form of relief or recovery thereon. The first prayer was for the recovery of the land itself. That was stricken, and in its place the amendment substituted a prayer for the recovery of the money. The only change was to indicate an election to take a money verdict rather than the land. This did not affect the defendant's defenses or constitute a new cause of action." See also *Rowland Co.* v. *Kell Co.,* 27 *Ga. App.* 107 (107 S. E. 602).

■ For none of the reasons urged was it error to allow the plaintiff's amendment. The petition *as amended* was sufficient to state a cause of action, and the court did not err in overruling the general demurrer as renewed. One of the grounds of demurrer to the original petition was that it appeared from the allegations that the plaintiff is guilty of such laches as to bar the equitable relief sought. The amendment changed the petition, however, from a suit in equity to an action at law for damages. As thus altered, "the case was not one for the interposition of an equitable bar." *Bowen* v. *Nelson,* 135 *Ga.* 567 (3) (69 S. E. 1115); *Redding* v. *Anderson,* 144 *Ga.* 100 (4) (86 S. E. 241). Whether the petition as an action at law for damages is barred by the statute of limitations is not for decision under the record, no such question having been raised in the trial court or urged in this court. *Smith* v. *Central of Georgia Railway Co.,* 146 *Ga.* 59 (90 S. E. 474); *Pendley* v. *Powers,* 129 *Ga.* 69 (58 S. E. 653).

*Judgment affirmed. All the Justices concur.*